UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONMEL MORALES a/k/a RONMEL G. MORALES DE LEON a/k/a RONMEL G. MORALES a/k/a RONMEL G. MORALESDELEON,<br><br>                    Plaintiff,<br><br>             -against-<br><br>VERIZON COMMUNICATIONS INC. d/b/a VERIZON; TRANS UNION LLC a/k/a TRANSUNION; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SERVICES LLC,<br><br>                    Defendants. | Civil Action<br>Case No.: 2:24-cv-07208<br><br><br>**COMPLAINT** |

Plaintiff Ronmel Morales a/k/a Ronmel G. Morales De Leon a/k/a Ronmel G. Morales a/k/a Ronmel G. MoralesDeLeon ("Plaintiff"), by and through his attorneys, Petroff Amshen LLP, as and for his complaint against the defendants named herein (collectively, "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

1.      Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), Fair Debt Collection Practices Act ("FDCPA") and its implementing Regulation F (15 U.S.C § 1692, *et seq.* and 12 C.F.R § 1006.1, *et seq.*), and New York General Business Law ("GBL") which codifies New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting resulting from identity theft, and unlawful attempts to collect on a fraudulent debt.

2. Plaintiff, a legal resident of the United States for more than 20 years, maintained a positive credit rating with consistent timely payments across multiple accounts, until he fell victim to identity theft. Although Plaintiff has taken every possible measure to report the fraud and restore his good credit, Defendants have failed and refused to investigate or correct the errors. Instead, Defendants have continued furnishing and reporting inaccurate information resulting from the identity theft, and wrongly attributing the fraudulent account and debt to Plaintiff.

3. Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. § 1681.

4. Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id.*

5. The FCRA also imposes a duty upon the furnishers of information to consumer reporting agencies to provide accurate information relating to consumers, and to correct and update any consumer information the furnisher determines is incomplete or inaccurate. *See* 15 U.S.C. § 1681s-2.

6. Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants ignored Plaintiff's pleas for help and instead further perpetuated the identity theft, causing Plaintiff to suffer increased and ongoing credit damage, adverse action, and other damages.

## PARTIES

7.    Plaintiff is an individual and resident of the State of New York, County of Suffolk, residing at 12 Van Buren Street, Brentwood, New York 11717.

8.    Defendant Verizon Communications Inc. d/b/a Verizon ("Verizon") is a national telecommunications company organized under the laws of the State of Delaware and headquartered in New York, with its principal place of business at 1095 Avenue of the Americas, New York, New York 10036.

9.    Defendant Trans Union LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 6066, and registered agent for service in New York c/o The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York 12207-2543.  The company is also known as "TransUnion", and shall be referred to as such herein.  TransUnion is one of the three national credit reporting agencies ("CRAs") recognized by the Federal Trade Commission ("FTC").

10.    Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626, and registered agent for service in New York c/o CT Corporation System, 28 Liberty Street, New York, New York 10005.  Experian is a wholly owned subsidiary of Experian Holdings, Inc.  Experian is one of the three national CRAs recognized by the FTC.

11.    Defendant Equifax Information Services LLC ("Equifax") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and registered agent for service in New York

c/o Corporation Service Company, 80 State Street, Albany, New York 12207-2543. Equifax is a wholly owned subsidiary of Equifax Inc. Equifax is one of the three national CRAs recognized by the FTC.[1]

## JURISDICTION

12.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims substantially arise under federal law.

13.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and Plaintiff resides in this district.

## STATEMENT OF FACTS

14.    Plaintiff has lived in Suffolk County, at 12 Van Buren Street, Brentwood, New York 11717, for the last 20 years.

15.    During that time, he has built and maintained an extensive positive credit history, which has now been soiled by an identity thief who fraudulently opened an account in Plaintiff's name, and without his knowledge or authorization.

16.    In early May of this year, Plaintiff discovered an unauthorized Verizon account appearing on his credit report with an open balance of $884, which was being reported as delinquent and in "collection" status. Upon information and belief, the account was opened by an unknown and unauthorized individual on or about March 12, 2021.

17.    Plaintiff does not have an account with Verizon, and he did not open an account or authorize the opening of a Verizon account in his name. Prior to May 2024, Plaintiff had no knowledge of this fraudulent, unauthorized account, and he derived no benefit from it.

---

[1] TransUnion, Experian, and Equifax shall be referred to collectively herein as the "Defendant CRAs."

18.     Plaintiff also discovered an alternate address he did not recognize appearing on his credit report – 2576 Riverside Avenue, Apt. 3109, Seaford, New York 11783 a/k/a 2576 Riverside Avenue, Seaford, New York 11783-3109 (the "Fraudulent Address").

19.     Plaintiff does not live at the Fraudulent Address, nor has he ever lived there. Plaintiff has also never been to the Fraudulent Address, and he has never used the Fraudulent Address for mailing or for any other purpose.  In fact, the Fraudulent Address is more than twenty miles away from Plaintiff's home in Suffolk County, and it is also in a different county (Nassau).

20.     Accordingly, Plaintiff contacted Verizon to dispute the fraudulent account. Verizon confirmed that the address associated with the account was the Fraudulent Address, which is not Plaintiff's address.

21.     Verizon further advised that the email address associated with the account was shrimaharaijinc@gmail.com, which is not Plaintiff's email address.  Plaintiff does not recognize the email address associated with the fraudulent Verizon account, nor has he ever obtained or used that email address, or any similar email address, for any purpose.

22.     Although Plaintiff disputed the fraudulent account with Verizon, it failed and refused to investigate or remedy the unauthorized account and transactions.  Verizon then continued furnishing information to the Defendant CRAs attributing responsibility for the fraudulent account and associated debt to Plaintiff.

23.     Because the fraudulent account was delinquent and had already been referred to collections, Plaintiff also obtained contact information for Verizon's debt collection agent, and requested written verification of the alleged debt.

24.     By letter dated May 13, 2024, Verizon's debt collection agent advised that Verizon confirmed a debt owed on the fraudulent account in the amount of $884.18.  Notably, although

Plaintiff asked for the letter to be sent to his own email address (and not to the fraudulent email address associated with the account), and did receive it there, it was still addressed to Plaintiff at the Fraudulent Address. The letter further referenced the "delinquent customer name" on the account as Plaintiff, and the "delinquent customer address" on the account as the Fraudulent Address. A true and correct copy of the letter dated May 13, 2024, is annexed hereto as **Exhibit A**.

25.    Included with the letter were various Verizon statements for the fraudulent account dated between April 16, 2022, and August 16, 2022, which were addressed to Plaintiff at the Fraudulent Address. *See* Ex. A.

26.    Because Plaintiff does not live at the Fraudulent Address and does not receive mail there, Plaintiff never received these statements, or any other statements, notices, or information mailed to the Fraudulent Address.

27.    After Plaintiff's attempts to directly dispute the fraudulent account with Verizon and its debt collection agent failed, on July 3, 2024, Plaintiff mailed a written notice of dispute to each of the Defendant CRAs (the "Notice of Dispute"), advising that he was the victim of identity theft, and providing information regarding the fraudulent account and inaccurate credit reporting associated with the fraudulent debt. A true and correct copy of the Notice of Dispute, with proof of mailing/delivery, is annexed hereto as **Exhibit B**.

28.    In connection with the Notice of Dispute, Plaintiff provided his name, address, date of birth, social security number, and all necessary information to identify the fraudulent account and items in error; and enclosed copies of Plaintiff's identity theft report, proof of address, and personal identification. *See* Ex. B.

29.    Plaintiff specified the items in dispute as follows:

      a.   Unauthorized Verizon account opened 3/12/2021, with fraudulent balance of $884; and

      b.   Fraudulent Address incorrectly associated with Plaintiff and improperly added to his credit report.

*See* Ex. B.

30.    Although the Notice of Dispute requested an investigation and corrections to Plaintiff's credit report, along with a written response and documentation detailing the outcome of the investigation, the Defendant CRAs failed to undertake a timely or proper investigation into the identity theft and fraudulent account/transactions, and did not provide the requested response.

31.    Upon information and belief, the Defendant CRAs further failed to notify Verizon of their receipt of the Notice of Dispute, and/or Verizon did receive the Notice of Dispute, but failed to investigate or correct the completeness and accuracy of the disputed information.

32.    Upon information and belief, to date, Verizon and its debt collection agents have continued furnishing inaccurate information to the Defendant CRAs concerning Plaintiff and the fraudulent Verizon account, and the Defendant CRAs have continued inaccurately reporting the account and fraudulent debt as delinquent and attributable to Plaintiff, causing significant damage to Plaintiff's credit and finances.

33.    Additionally, although Plaintiff disputed the fraudulent account directly with Verizon and notified them that he was the victim of identity theft, upon information and belief, Verizon has refused to correct the errors in information it furnished to the Defendant CRAs, and its debt collection agents have continued illegal collection activities on the fraudulent debt.

### <u>VIOLATIONS OF THE FCRA</u>
**(15 U.S.C. § 1681, *et seq.*)**

34.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

35.     Plaintiff is a "consumer" as defined by the FCRA.  *See* 15 U.S.C. § 1681a(c).

36.     Verizon is a "furnisher" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

37.     Verizon is also a "person" as defined by the FCRA.  *See* 15 U.S.C. § 1681a(b).

38.     Subpart E of Regulation V, the FCRA's implementing regulation, applies to furnishers of information, including Verizon.  *See* 12 C.F.R. §§ 1022.1, 1022.40.

39.     Each of the Defendant CRAs is a "consumer reporting agency" as defined by the FCRA.  *See* 15 U.S.C. § 1681a(f).

40.     The Defendant CRAs each individually qualify as a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by the FCRA. *See* 15 U.S.C. §1681a(p).

## COUNT I
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681n)
#### *AS TO VERIZON*

41.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

42.     The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors."  *See* 15 U.S.C. § 1681s-2(a)(1).

43.     Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."  *See* 15 U.S.C. § 1681s-2(a)(1)(A).  "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely

allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

44.     Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

45.     Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

12 C.F.R. § 1022.41(a).

46.     Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -- (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

47.     "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3).

48.     Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed

11

information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

49.    A furnisher who receives an identity theft report from a consumer is also prohibited from furnishing information to a CRA that is the result of such identity theft. *See* 15 U.S.C. § 1681s-2(a)(6)(B).

50.    Plaintiff disputed the fraudulent account and debt directly to Verizon, and in the Notice of Dispute sent to the Defendant CRAs. Plaintiff also filed an identity theft report with the FTC, which was included with the Notice of Dispute.

51.    Upon information and belief, Verizon received notice of Plaintiff's Notice of Dispute regarding the accuracy of information it furnished to the Defendant CRAs concerning Plaintiff and the fraudulent Verizon account. Upon further information and belief, Verizon also received the identity theft report Plaintiff filed with the FTC and included with the Notice of Dispute.

52.    Verizon failed to review information provided by Plaintiff in connection with the Notice of Dispute, and failed to contact Plaintiff for any additional information. Verizon also deliberately failed and refused to conduct a proper or timely investigation of Plaintiff's dispute, or to correct the disputed information.

53.    Upon information and belief, Verizon furnished inaccurate information regarding Plaintiff and the fraudulent account to the Defendant CRAs, without notice that the information was disputed, which was then incorporated into Plaintiff's credit reports issued by the Defendant CRAs.

54.    Verizon also improperly furnished information to the Defendant CRAs that was the result of identity theft.

55.     The inaccurate information included: (i) attributing the fraudulent account and resulting debt and delinquency to Plaintiff, who had no knowledge of the account, and did not authorize or benefit from it; (ii) misrepresenting the account balance by including the disputed, fraudulent charges, and related improper fees and interest; and (iv) reporting the fraudulent account as past due, in Plaintiff's name, as a result of the disputed charges.

56.     Verizon has continued inaccurately reporting information to the Defendant CRAs regarding the fraudulent account, including information resulting from the identity theft, in violation of 15 U.S.C. § 1681s-2.

57.     Verizon's deliberate and ongoing furnishing of inaccurate and disputed information regarding Plaintiff and the fraudulent account has caused Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

58.     As a result of Verizon's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

## COUNT II
### Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681o)
### *As To Verizon*

59.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

60.    Upon information and belief, Verizon "regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

61.    Upon further information and belief, Verizon furnished inaccurate information regarding Plaintiff and the fraudulent account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports. Verizon knew or, if it had conducted the required investigation, should have known, that the information it furnished to the Defendant CRAs was inaccurate and the result of identity theft.

62.    As a compiler and furnisher of consumer information concerning its accounts, Verizon had a duty to ensure the accuracy of any such information furnished to the Defendant CRAs, and to prevent the furnishing of information resulting from identity theft. *See* 15 U.S.C. § 1681s-2(a)(6).

63.    Upon information and belief, after receiving Plaintiff's Notice of Dispute regarding the identity theft and fraudulent account, Verizon thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information, and has continued inaccurately furnishing information to the Defendant CRAs regarding the fraudulent account, including falsely representing that the account and associated debt are attributable to Plaintiff, in violation of 15 U.S.C. § 1681s-2(a)(2) and 1681s-2(a)(8).

64.     Upon information and belief, Verizon has further negligently persisted in reporting inaccurate information to the Defendant CRAs without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

65.     Verizon's negligent and ongoing furnishing of inaccurate and disputed information regarding Plaintiff and the fraudulent account has caused Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

66.     As a result of Verizon's negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

<u>**COUNT III**</u>
**Willful Failure to Block Information Resulting from Identity Theft**
**(15 U.S.C. §§ 1681c-2, 1681n)**
*AS TO THE DEFENDANT CRAS*

67.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

68.     The FCRA requires CRAs to block the reporting of information resulting from identity theft when notified by the consumer:

[A] consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such

agency of-- (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

15 U.S.C. § 1681c-2(a).

69.     CRAs are further required to notify the furnisher of such information "(1) that the information may be a result of identity theft; (2) that an identity theft report has been filed; (3) that a block has been requested under this section; and (4) of the effective dates of the block." 15 U.S.C. § 1681c-2(b).

70.     If a CRA declines to block, or rescinds a block, of information resulting from identity theft, it must promptly notify the consumer "in the same manner as consumers are notified of the reinsertion of information under section 1681i(a)(5)(B) of this title." *See* 15 U.S.C. § 1681c-2(c).

71.     On July 3, 2024, Plaintiff mailed copies of the Notice of Dispute addressed to the Defendant CRAs, via certified mail. *See* Ex. B. USPS Tracking for the Notice of Dispute confirms each copy was delivered to the Defendant CRAs. *See id.*

72.     The Notice of Dispute included all information and documentation required for an identity theft block under 15 U.S.C. § 1681c-2(a). *See* Ex. B.

73.     Accordingly, within four (4) business days of receipt of the Notice of Dispute, each of the Defendant CRAs was obligated and required to block the reporting of information in Plaintiff's file resulting from the identity theft.

74.     Upon information and belief, the Defendant CRAs deliberately failed to timely implement the required block pursuant to 15 U.S.C. § 1681c-2(a).

75.     Upon information and belief, the Defendant CRAs further willfully declined to block the information and/or rescinded the block without authority or investigation, and without notifying Plaintiff, in violation of 15 U.S.C. § 1681c-2(c).

76.     The Defendant CRAs' willful failure to block the reporting of information in Plaintiff's file resulting from identity theft has caused Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

77.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

## COUNT IV
### Negligent Failure to Block Information Resulting from Identity Theft
### (15 U.S.C. §§ 1681c-2, 1681o)
### *AS TO THE DEFENDANT CRAS*

78.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

79.     Upon receipt of the Notice of Dispute, each of the Defendant CRAs was obligated and required to block the reporting of information in Plaintiff's credit file resulting from the identity theft.

80.    Upon information and belief, the Defendant CRAs negligently failed to timely implement the required block pursuant to 15 U.S.C. § 1681c-2(a).

81.    Upon information and belief, the Defendant CRAs further negligently declined to block the information and/or rescinded the block without authority or investigation, and without notifying Plaintiff, in violation of 15 U.S.C. § 1681c-2(c).

82.    The Defendant CRAs' negligent failure to block the reporting of information in Plaintiff's file resulting from identity theft has caused Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

83.    As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

### COUNT V
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681n)**
*AS TO THE DEFENDANT CRAS*

84.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

85.     "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

86.     The Defendant CRAs each received Plaintiff's Notice of Dispute demonstrating that Plaintiff was the victim of identity theft, and evidence that Plaintiff's credit report contained inaccurate information.

87.     Despite receipt of the foregoing, the Defendant CRAs deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff and the fraudulent Verizon account.

88.     Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff or Verizon for any additional information that would assist in a reasonable investigation.

89.     Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

90.     The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

91.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

**COUNT VI**
**Negligent Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681o)**
*AS TO THE DEFENDANT CRAS*

92.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

93.     Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, the Defendant CRAs failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff and the fraudulent Verizon account.

94.     Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

95.     As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other

professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

## COUNT VII
### Willful Failure to Assure Accuracy of Consumer Information in Credit File
### (15 U.S.C. §§ 1681i, 1681n)
### *AS TO THE DEFENDANT CRAS*

96.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

97.     "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . ." 15 U.S.C. § 1681i(a)(1)(A).

98.     This investigation must be completed within thirty (30) days of the CRA's receipt of notice of the dispute. *See id.*

99.     The CRA must also provide notice of the dispute to any furnisher of the disputed information, within five (5) business days of receipt.

100.    "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

101.    Within five (5) business days of completing a reinvestigation, a CRA must provide the consumer with written notice of the results and additional statutory notices.

102.    Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff and the fraudulent Verizon account.

103.    Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

104.    Upon information and belief, the Defendant CRAs deliberately failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C. § 1681i(a)(2).

105.    Upon information and belief, the Defendant CRAs also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

106.    The Defendant CRAs further deliberately failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

107.    The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

108.    As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

### COUNT VIII
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
*AS TO THE DEFENDANT CRAS*

109.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

110.    Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff and the fraudulent Verizon account.

111.    The Defendant CRAs failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C. § 1681i(a)(2).

112.    The Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or the furnishers of the disputed information, for any additional information that would assist in a reasonable investigation.

113.    The Defendant CRAs further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

114. The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files, and failure to correct inaccurate and damaging credit information contained in Plaintiff's credit file, has caused Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

115. As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

### VIOLATIONS OF THE FDCPA AND REGULATION F
#### (15 U.S.C § 1692, *et seq.* and 12 C.F.R. § 1006.1, *et seq.*)
##### AS TO VERIZON

116. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

117. The FDCPA, codified at 15 U.S.C. § 1692, *et seq.*, was enacted by Congress in 1977 to eliminate abusive debt collection practices, and to promote consistent state action to protect consumers against debt collection abuses.

118. Regulation F, issued by the CFPB, implements the FDCPA, and is codified at 12 C.F.R. Part 1006. Regulation F clarifies and expands on the rules that govern debt collectors' practices under the FDCPA. It provides detailed guidance on how debt collectors must interact with consumers, ensuring transparency and fairness in the debt collection process.

119.    The NY Superintendent of Financial Services has also prescribed regulations applicable to debt collection activities in New York, including substantiation of consumer debts. *See* 23 N.Y.C.R.R. § 1.1, *et seq.*  Specifically, the Superintendent's regulations require a debt collector to inform a consumer who disputes the validity of a charged-off debt, that the consumer may request substantiation of the debt.  *See* 23 N.Y.C.R.R. § 1.4(a).  Additionally, "[a] debt collector must provide the consumer written substantiation of a charged-off debt within 60 days of receiving a request for substantiation of the debt and must cease collection of the debt until written substantiation has been provided to the consumer."  *See* N.Y.C.R.R. § 1.4(b).

120.    Plaintiff is a "consumer" as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(3).

121.    Verizon has retained "debt collector" agents, as defined by the FDCPA, to engage in debt collection activities on its behalf.  *See* 15 U.S.C. § 1692a(6).

122.    As agents of Verizon, the actions of these debt collectors in pursuing collection of the debts allegedly owed to Verizon, while acting on its behalf and at its direction, are attributable directly to Verizon.

**COUNT IX**
**Collection of Prohibited Fees**
**(15 U.S.C § 1692f and 12 C.F.R. § 1006.22)**

123.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

124.    The FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect a debt."  15 U.S.C. § 1692f.

125.    Prohibited debt collection conduct under the FDCPA includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

126.    Likewise, Regulation F prohibits the collection of any "interest, fee, charge, or expense incidental to the principal obligation," which is not also "expressly authorized by the agreement creating the debt or permitted by law." *See* 12 C.F.R. § 1006.22(b).

127.    Verizon has falsely attributed responsibility for the debt on the fraudulent Verizon account to Plaintiff, despite evidence demonstrating that Plaintiff was the victim of identity theft, did not authorize the opening of the account, and did not make or benefit from the disputed charges. Verizon has deliberately ignored such evidence, and failed and refused to investigate Plaintiff's disputes and claims of identity theft.

128.    Upon information and belief, the debt collection agents retained by Verizon have sent notices and statements in Plaintiff's name containing debt collection language and demands for payment of the fraudulent, disputed debts, including improper fees, charges, and interest added to those alleged debts.

129.    Upon information and belief, the debt collection agents retained by Verizon have also failed and refused to cease collection activities against Plaintiff for the debt on the fraudulent Verizon account, despite notice and knowledge of the identity theft and disputed nature of the associated debt.

130.    Collection of fraudulent debt resulting from identity theft, and fees, interest, and charges stemming from the accrual of fraudulent debt, is certainly not expressly authorized or even contemplated by the applicable agreements underlying any of Verizon's consumer accounts, nor is it permitted by law.  In any event, Plaintiff has no agreement with Verizon or any responsibility for the fraudulent account debt, as Plaintiff never opened or authorized the opening of an account in his name with Verizon.

131.    Accordingly, the collection of, or attempt to collect, any such fraudulent debt and related fees, interest, or other charges is expressly prohibited by the FDCPA, and constitutes "unfair or unconscionable means to collect or attempt to collect a[] debt." *See* 15 U.S.C. § 1692f; *see also* 12 C.F.R. § 1006.22(b).

132.    The actions of Verizon and its debt collection agents, and the failure to correct errors in information regarding Plaintiff and the fraudulent Verizon account, despite being notified of such errors, have resulted in the addition of improper and illegal fees, interest, and other charges related to the fraudulent debt, and improper attempts to collect an unauthorized and/or illegal debt; causing Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

133.    As a result of this conduct in violation of § 1692f(1) and 12 C.F.R. § 1006.22(b), Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1692k, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

<u>**COUNT X**</u>
**Use of False, Deceptive, or Misleading Representations**
**(15 U.S.C. §§ 1692e, 1692k)**

134.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

135.    The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

136.    Examples of prohibited false or misleading representations include: (i) falsely representing the "character, amount, or legal status of any debt" (15 U.S.C. § 1692e(2)(A)); (ii) "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken" (15 U.S.C. § 1692e(5)); (iii) "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" (15 U.S.C. § 1692e(8)); and (iv) "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt" (15 U.S.C. § 1692e(10)).

137.    Verizon has falsely attributed responsibility for the fraudulent Verizon account and related debt to Plaintiff, despite evidence demonstrating that Plaintiff was the victim of identity theft and did not authorize the opening of the account, and also did not make or benefit from the disputed charges. Verizon has deliberately ignored such evidence, and failed and refused to investigate Plaintiff's disputes and claims of identity theft.

138.    Upon information and belief, the debt collection agents retained by Verizon have sent notices and statements in Plaintiff's name containing debt collection language and demands for payment of the fraudulent, disputed debts, and misrepresentations regarding the status of the fraudulent Verizon account and amount owed, including that Plaintiff is responsible for payment.

139.    Upon information and belief, the debt collection agents retained by Verizon have failed and refused to discontinue collection activities, despite notice and knowledge of the identity theft and disputed nature of the fraudulent Verizon account and associated debt.

140.    Upon information and belief, although Plaintiff disputed the validity of the fraudulent Verizon account and associated debt to Verizon's debt collection agents, they failed to provide written substantiation of the debts within 60 days as required under the NY Superintendent's regulations, and/or failed to cease debt collection activities until such substantiation was provided.  *See* 23 N.Y.C.R.R. § 1.4.

141.    Upon information and belief, Verizon has improperly directed its debt collection agents to continue debt collection activities on the fraudulent Verizon account and associated debt, including seeking to collect the fraudulent, disputed debt, and additional improper fees, charges, and interest added to the alleged debt.

142.    The actions of Verizon and its debt collection agents, and the failure to correct errors in information regarding Plaintiff and the fraudulent Verizon account, despite being notified of such errors, have resulted in the addition of improper and illegal fees, interest, and other charges related to the fraudulent debt, and improper attempts to collect an unauthorized and/or illegal debt; causing Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

143.    As a result of this conduct in violation of the FDCPA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1692k, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

<u>COUNT XI</u>
**Use of Unfair or Unconscionable Means to Collect a Debt**
**(15 U.S.C. §§ 1692f, 1692k)**

144.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

145.    The FDCPA prohibits a det collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

146.    Prohibited collection activity includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

147.    The debt collection agents retained by Verizon have improperly sought to collect a fraudulent debt from Plaintiff that resulted from identity theft.  Upon information and belief, Verizon has also added improper and illegal fees, interest, and other charges to the fraudulent debt, thereby further falsely inflating the alleged account balances and amounts owed.

148.    Upon information and belief, the debt collection agents retained by Verizon have sent notices and statements in Plaintiff's name containing debt collection language and demands for payment of the fraudulent, disputed debts, and misrepresentations regarding the status of the fraudulent Verizon account and amount owed, including that Plaintiff is responsible for payment.

149.    As a result of the foregoing actions, Plaintiff has suffered damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

150.    As a result of this conduct in violation of the FDCPA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1692k, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

## STATE LAW CLAIMS

## VIOLATIONS OF N.Y. GENERAL BUSINESS LAW

151.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

152.    Sections 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

153.    Plaintiff is a "consumer" within the meaning of the NYFCRA.  *See* GBL § 380-a(b).

154.    Verizon is a "person" within the meaning of the NYFCRA.  *See* GBL § 380-a(a).

155.    Each of the Defendant CRAs is a "consumer reporting agency" within the meaning of the NYFCRA.  *See* GBL § 380-a(e).

## COUNT XII
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (N.Y. Gen. Bus. Law § 380-o)
### *AS TO VERIZON*

156.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

157.    The NYFCRA prohibits the knowing and willful introduction, or attempt to introduce, false information into a consumer reporting agency's files.  *See* GBL § 380-o(2).

Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

158.    As a result of Verizon's knowing and willful introduction of false information regarding Plaintiff's account into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

159.    As a result of Verizon's foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

## <u>COUNT XIII</u>
### Failure to Investigate and Resolve Consumer Dispute
### (N.Y. Gen. Bus. Law §§ 380-f, 380-m)
### *As To The Defendant CRAS*

160.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

161.    Pursuant to GBL § 380-f(a):

If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of

the result of its investigation, its decision on the status of the information and his rights pursuant to this section.

162.    If, after conducting the re-investigation, the CRA can no longer verify an item, or confirms an error, the CRA must, among other things: (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports"; and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

163.    Further, "if any item disputed and reinvestigated is found to be in error or can no longer be verified, upon completion of the reinvestigation of all items disputed, the [CRA] shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

164.    Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs were obligated to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any additional requirements of GBL § 380-f.

165.    The Defendant CRAs failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute, and likewise failed to revise or correct any of the inaccurate information contained in Plaintiff's credit file.

166.    The Defendant CRAs further failed to notify Plaintiff of the results of their investigation, as no such investigation ever took place.

167.    This conduct has caused Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed debts, fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

168.    As a result of the Defendants CRAs' foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and defense of improper collection activities; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

169.    The Defendant CRAs are further liable to Plaintiff pursuant to GBL § 380-m, for damages including: (i) actual damages; and (ii) attorneys' fees and costs incurred in connection with this action.

## DEMAND FOR JURY TRIAL

170.    Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully requests a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully demands judgment awarding all actual, statutory, and/or punitive damages, recovery of attorneys' fees and costs, and any other relief available pursuant to applicable law.

Dated:  Brooklyn, New York
         October 14, 2024

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Ronmel Morales a/k/a Ronmel G. Morales De Leon
a/k/a Ronmel G. Morales a/k/a Ronmel G.
MoralesDeLeon

*/s/ Steven Amshen*
Steven Amshen, Esq. (ID No. SA2569)
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: samshen@petroffamshen.com